■ FRANK McMANUS, Respondent, v. JOAN S. EDMUNDS et al., Appellants. — In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Dutchess County, dated November 3, 1959, granting plaintiff's motion to set aside the jury verdict of " No Cause of Action " against both defendants, and granting a new trial. Order reversed, with costs, motion denied, verdict reinstated and complaint dismissed on the merits, without costs. Because of certain traffic conditions ahead of him, plaintiff had stopped the motor vehicle which he was driving on a city street. Defendant Edmunds stopped her motor vehicle a few feet behind plaintiff's. They both were on a downward incline. After a few minutes, and although said defendant's foot was on the brake pedal, her vehicle rolled forward and struck the rear of plaintiff's vehicle. The evidence was that said defendant repeatedly depressed the foot pedal in order to brake her car, but that such attempts failed because the brake fluid, without her knowledge, had leaked out through a cylinder. She did not

attempt to apply the emergency brake. She had bought her vehicle a week previously from defendant Greer, a used-car dealer doing business as Amenia Motors. The further evidence was: (1) that, prior to the sale, Greer's employee had checked the car for visible brake fluid leaks, had made specific applications of the brakes, and had road-tested the car; and (2) that the car had been driven frequently from the time of the sale up to the time of the accident without sign of any brake defect. The trial court charged the jury that, in the inspection which Greer was required to make, he was required to exercise reasonable care and that it was for the jury to determine whether he should have inspected the cylinder, which would have entailed removal of the wheel adjoining it. No exception was taken to these instructions. In our opinion, the verdict was not contrary to the weight of the credible evidence. It does not appear that the jury could not have reached the conclusion they did on a fair interpretation of the evidence; and the Trial Justice stated no reason for his conclusion that the verdict was against the weight of the credible evidence. Moreover, by failing to move for a directed verdict plaintiff in effect conceded that there were factual questions to be determined by the jury (*Holpp* v. *Carafa,* 8 A D 2d 617). Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.